**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BRADLEY LA FORCE,**<br>Plaintiff**,**<br>vs.<br>**GOSMITH, INC.,**<br>Defendant**.** | CASE NO. 17-cv-05101-YGR<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY;**<br>**SETTING COMPLIANCE RE: STATUS OF ARBITRATION**<br><br>Re: Dkt. No. 16 |

Defendant GoSmith, Inc. brings the instant motion to compel arbitration of plaintiff Bradley La Force's complaint for claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). GoSmith seeks an order pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 2-4, compelling La Force to arbitrate his claims against GoSmith, and staying this action pending the completion of arbitration proceedings.

Having carefully considered the papers submitted, the pleadings in this action, and the admissible evidence,[1] and for the reasons set forth below, the Court **GRANTS** the motion to compel arbitration.

**I.    BACKGROUND**

GoSmith offers a nationwide online marketplace that connects homeowners seeking home improvement services with service professionals in their local area. Consumers may use GoSmith's website or smartphone application to submit a request for quotes on home improvement projects from service professionals in their local area. GoSmith will then notify

---

[1] GoSmith's objections to evidence are addressed herein in section III.

local service professionals of the consumer's job request. (Declaration of Darwin Widjaja in Support of Motion to Compel Arbitration ["Widjaja Decl."], Dkt. No. 16-1, ¶¶ 3, 4.)

Service professionals such as La Force may respond to a job notification by communicating a quote or bid to the consumer, and setting up appointments. In order to access these online requests for quotes and set up appointments, the service professional must register with GoSmith. (*Id*. at ¶¶ 4-5.)

GoSmith's chief technology officer, Darwin Widjaja, avers that the registration process for service professionals requires that they provide information on GoSmith's website and agree to its Terms of Use. (*Id*. at ¶ 7.) The bottom of the registration page includes the statement "I have read and agree to the terms & privacy policy" and a box that may be checked or unchecked by a user to indicate whether they have read and agree to those items. (*Id.*) The box is checked by default and must remain checked in order for the user to complete registration. (*Id*.) Below the check box, the registration page also includes hyperlinks that will open screens displaying either GoSmith's Terms of Use or Privacy Policy, depending on the link clicked by the user. (*Id*.) Upon a service professional's completion of the registration process, GoSmith's system will log the information provided on the registration screen (*i.e.,* name, business name, trade, phone number, address, etc.), and the date and time the service professional completed his or her registration. (*Id*.) This data is kept in the regular course of business for all service professionals who register for a GoSmith account online. (*Id*.)

The GoSmith Terms of Use contain an arbitration provision (the "Arbitration Agreement") under the section "DISPUTE RESOLUTION." (*Id*., Exh. A. at 12). The Arbitration Agreement provides that:

> At the sole option of Smith [doing business as GoSmith], any claim, dispute or controversy arising out of, relating to or concerning in any way the Agreement or use of the Website shall be resolved by binding arbitration administered by the American Arbitration Association ("AAA") under its commercial arbitration rules. The decisions of the arbitrators shall be binding and conclusive upon all parties involved, and judgment upon any arbitration award may be entered by any court having competent jurisdiction.

(*Id*.)

GoSmith's records indicate La Force, doing business as Holden & La Force Inc., registered with GoSmith on October 13, 2015, at 6:41:27 a.m. by providing data about his number of years in business, insurance and license status, and contact information. (Widjaja Decl. ¶ 11.) Those records further indicate that La Force responded to a job lead for electrical work through the website by providing an estimate and sending a chat message to the consumer. (*Id*. at ¶¶ 12, 13.)

## II. LEGAL FRAMEWORK

The Federal Arbitration Act (the "FAA") requires a district court to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement. 9 U.S.C. § 3. A party may bring a motion in the district court to compel arbitration. 9 U.S.C. § 4. The FAA reflects "both a 'liberal federal policy favoring arbitration' and the 'fundamental principle that arbitration is a matter of contract.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Mortensen v. Bresnan Commuc'ns, LLC*, 722 F.3d 1151, 1157 (9th Cir. 2013) ("The [FAA] . . . has been interpreted to embody "'a liberal federal policy favoring arbitration.'"). The FAA broadly provides that an arbitration clause in a contract involving a commercial transaction "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Once a court is satisfied the parties agreed to arbitrate, it must promptly compel arbitration. 9 U.S.C. § 4. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

In ruling on the motion, the Court's role is typically limited to determining whether: (i) an agreement exists between the parties to arbitrate; (ii) the claims at issue fall within the scope of the agreement; and (iii) the agreement is valid and enforceable. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). "[I]f there is a genuine dispute of material fact as to any of these queries, a [d]istrict [c]ourt should apply a 'standard similar to the summary judgment standard of Fed.R.Civ.P. 56.'" *Ackerberg v. Citicorp USA, Inc.*, 898 F. Supp. 2d 1172, 1175 (N.D. Cal. 2012) (quoting *Concat LP v. Unilever, PLC,* 350 F.Supp.2d 796, 804 (N.D. Cal.2004)). Generally, if a contract contains an arbitration provision, arbitrability is presumed,

3

1  and "any doubts concerning the scope of arbitrable issues should be resolved in favor of
arbitration." *AT&T Techs. Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986).

When a court compels arbitration, as "a matter of its discretion to control its docket," a district court may stay litigation among non-arbitrating parties pending the outcome of arbitrable claims or a parallel arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 20 n.23 (1983); *see, e.g.*, *BrowserCam, Inc. v. Gomez, Inc.*, No. 08–CV–02959–WHA, 2009 WL 210513, at *3 (N.D. Cal. Jan. 27, 2009) (it is "within a district court's discretion whether to stay, 'for [c]onsiderations of economy and efficiency,' an entire action, including issues not arbitrable, pending arbitration.") (quoting *United States ex rel. Newton v. Neumann Caribbean Int'l., Ltd.,* 750 F.2d 1422, 1427 (9th Cir.1985)).

**III.   DISCUSSION**

La Force's opposition to the motion to compel does not challenge whether the arbitration agreement in the GoSmith Terms of Use is valid and enforceable, nor does it argue that the claims at issue do not fall within the scope of the Arbitration Agreement. Instead, La Force argues that he never entered into any agreement with GoSmith at all.

The Ninth Circuit has stated that contracts formed through internet websites generally take on one of two forms: "'clickwrap' (or 'click-through') agreements, in which website users are required to click on an 'I agree' box after being presented with a list of terms and conditions of use; and 'browsewrap' agreements, where a website's terms and conditions of use are generally posted on the website via a hyperlink at the bottom of the screen" and indicate that the user is agreeing to those terms by no other affirmative action than merely visiting the website. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175–76 (9th Cir. 2014). Courts enforce clickwrap-type agreements where the user indicates actual notice of the terms of use, or where the user was required to acknowledge the terms of use before proceeding with further use of the site. *Id.* at 1776-77. In the absence of evidence of actual knowledge or acknowledgment of the terms of use, enforcement of a browsewrap-type agreement will require evidence that the design and content of the webpage were sufficient to put a user on inquiry notice of the terms of the agreement. *Id.* If a link to the terms of the agreement is "buried" on the webpage, requires scrolling down a lengthy

4

page to find it, or is otherwise not conspicuously stated, courts will refuse to enforce the terms. *Id*. (citing cases).

Here, La Force offers evidence in opposition to the motion by way of a declaration of his counsel and a request for judicial notice of the documents attached thereto. Those documents are represented to be screenshots of a GoSmith registration page, as it appeared when accessed from various devices or web applications both on October 26, 2017, and also as the website appeared in cached copies from October 1 and October 16, 2015, maintained on the Internet Archive website (www.archive.org). La Force argues that the webpages he submits do not look like the screenshot submitted in GoSmith's motion (Exhibit C to the Widjaja declaration). Specifically, La Force notes that his screenshots do not show a hyperlink to a check box for agreeing with the Terms, and only include a hyperlink to the "Terms" at the very bottom of the webpage, if present at all.

GoSmith objects that these website screenshots are not authenticated, not reliable, and irrelevant. As to the issue of their authenticity, the Court agrees that the documents should not be admitted on these grounds. Federal Rule of Evidence 902 was recently amended to permit authentication of documents such as printouts of webpages by a "certification of a qualified person" rather than the testimony of a foundation witness. *See* Fed. R. Evid. 902(13), amended effective December 1, 2017.[2] However, such qualified person must still "describ[e] the process by which the webpage was retrieved" under penalty of perjury. Fed. R. Evid. 902, Advisory Committee Notes to 2017 Amendments at ¶ 5. The declaration of Jeremy M. Glapion, plaintiff's counsel, includes the date, device, and browser used to obtain the webpage and web application screenshots, but fails verify that he retrieved those images. (Dkt. No. 19-1 at ¶¶ 4-14.) The Court

---

[2] Amended Rule 902(13) now reads:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted: . . . (13) A record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent must also meet the notice requirements of Rule 902(11).

Fed. R. Evid. 902.

thus finds the Glapion declaration insufficient to meet the self-authentication requirements of Rule 902(13).[3]

Regardless of whether the screenshots are admissible, they do not contradict GoSmith's showing that the webpage La Force used to register contained a check box for indicating agreement to the Terms of Use. La Force himself offers no declaration regarding his registration on the GoSmith website. Instead, he simply argues that the look of the GoSmith registration page may vary depending upon how one accesses it. His evidence does not refute that the website he accessed included a check box acknowledging the Terms of Use, as submitted in GoSmith's moving papers.

Moreover, GoSmith's reply offers rebuttal evidence demonstrating that La Force actually registered through a unique, non-public web link associated with a job notification sent directly to him by text message. (Supp. Decl. Widjaja, Dkt. No. 20-1, ¶¶ 4-8.)[4] The evidence that La Force registered through this specific link would account for the discrepancies noted by La Force in his opposition between the webpages his attorney submitted (with a green "sign up" button) and the webpage screenshot GoSmith submitted (with an orange "See Job Matches" button). Thus, the appearance of the archived webpages offered by La Force is irrelevant to the question of whether he indicated his agreement to the Terms of Use.

In sum, even if La Force's evidence were admissible, it would not create a genuine dispute of facts material to his notice of the Terms of Use. GoSmith has demonstrated that La Force, by his online registration, agreed to GoSmith's Terms of Use, and the Arbitration Agreement

---

[3] For the same reasons, the Court **DENIES** La Force's request for judicial notice of the screenshots.

[4] The Court notes that this supplemental declaration, rebutting LaForce's arguments in opposition, was filed November 13, 2017 (Dkt. No. 20), and LaForce submitted no timely objection. *See* Civ. Local Rule 7-3(d) ("If new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed, and serve an Objection to Reply Evidence . . . . The Objection to Reply Evidence must be filed and served not more than 7 days after the reply was filed."). The Court vacated the hearing on the motion by order issued December 6, 2017. (Dkt. No. 26.)

contained therein. Thus, La Force has failed to offer a basis for denying the instant motion to compel.[5]

**IV. CONCLUSION**

Based on the foregoing, the motion to compel arbitration is **GRANTED**. This action is **STAYED** pending completion of the arbitration.

The Court **SETS** this matter for a compliance hearing regarding the arbitration status on **March 16, 2018, at 9:01 a.m.** The parties shall file a joint statement no later than **March 9, 2018**, apprising the Court of the status of the arbitration and the effect on the stay of the litigation herein. If the Court is satisfied with the joint status statement, it may vacate the hearing and relieve the parties of the requirement to appear by further notice.

**IT IS SO ORDERED.**

This terminates Docket No. 16.

Dated: December 12, 2017

                                              **YVONNE GONZALEZ ROGERS**
                                      **UNITED STATES DISTRICT COURT JUDGE**

---

[5] The Court makes no ruling on the enforceability of the terms of the Arbitration Agreement on any grounds not raised in La Force's opposition.

7